IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AURELIO QUINONES-PORTOCARRERO, )
       Petitioner, ) Civil Action No. 13-235 Erie
       )
v. )
       ) Chief Judge Joy Flowers Conti
BOBBY L. MEEKS, ) Magistrate Judge Susan Paradise Baxter
       Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

### II.    REPORT

Petitioner, Aurelio Quinones-Portocarrero, is a federal inmate incarcerated at the Federal Correctional Institution McKean, which is located in Bradford, Pennsylvania. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the legality of the sentence imposed upon him by the United States District Court for the Middle District of Florida on two counts of violations of the Maritime Drug Law Enforcement Act ("the MDLEA"), 46 U.S.C. app. §§ 1903(g) and (j).[1] As relief, he seeks an order from this Court directing that he be released from confinement because the MDLEA is unconstitutional.

---

[1] In 2006, Congress amended and recodified the MDLEA, which can now be found at 46 U.S.C. §§ 70501-70507.

1

A. **Relevant Background**

In or around January 2001, a grand jury in the District Court for the Middle District of Florida returned a two-count superseding indictment against Petitioner that charged him and ten other individuals with the offenses of conspiracy to possess with the intent to distribute and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of the MDLEA, which at the time was codified in relevant part at 46 U.S.C. app. §§ 1903(g) and (j). On April 12, 2001, a petit jury found Petitioner guilty on all charges. The District Court for the Middle District of Florida sentenced him on July 13, 2001, to 360 months of imprisonment, to be followed by five years of supervised release as to each count to be served concurrently. The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's convictions and sentence in an opinion issued in 2003. [ECF No. 11-3, Resp's Ex. B, Criminal Docket, United States v. Aurelio Quinones-Portocarrero, No. 8:00-cr-432 (M.D. Fl.), Dkt. Nos. 48, 185, 277, 278, 445.]

On February 8, 2005, Petitioner filed in the District Court for the Middle District of Florida his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He raised claims that are not relevant to this case. The court denied the motion and Petitioner did not file an appeal. [Id. at Dkt. Nos. 485, 486.] In July 2012, he filed a second § 2255 motion in the District Court for the Middle District of Florida in which he once again raised claims that are not relevant to this proceeding. The court denied that motion. [ECF No. 11-6 at 2, Resp's Ex. E, Order, Quinones-Portocarrero, No. 8:00-cr-432.]

In 2012, the Court of Appeals for the Eleventh Circuit issued United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), the case upon which Petitioner now relies to support his assertion that he is entitled to habeas relief. In Bellaizac-Hurtado, the four defendants were observed by the United States

Coast Guard in a fishing vessel in the territorial waters of Panama. Their vessel was searched and approximately 760 kilograms of cocaine was discovered. Panama consented to the prosecution of the defendants in the United States, and a federal grand jury indicted them for drug-related crimes on board a vessel subject to the jurisdiction of the United States under the MDLEA. Bellaizac-Hurtado, 700 F.3d at 1248. The defendants pleaded guilty to a conspiracy charge and were sentenced. They then appealed their convictions and argued that the MDLEA, as applied to them, was unconstitutional. Id. The Court of Appeals for the Eleventh Circuit agreed. It held that Congress lacked the authority under the United States Constitution to proscribe conduct in *the territorial waters of another sovereign* and, therefore, the MDLEA was unconstitutional as applied to the defendants in that case because they were convicted of conduct that occurred in the territorial waters of Panama. Id. at 1249-58.[2]

Petitioner is incarcerated at the Federal Correctional Institution McKean, which is located within the territorial boundaries of the Western District of Pennsylvania. He has filed with this Court the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 6. See also

---

[2] Article I, Section 8, Clause 10 of the United States Constitution grants Congress the power "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." Bellaizac-Hurtado, 700 F.3d at 1248. "The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations." Id. (citations omitted). The prosecution in Bellaizac-Hurtado argued that the MDLEA, as applied to the defendants, was a constitutional exercise of the power granted to Congress under the "Offences Clause" to "define and punish offenses against the laws of nations." Id. at 1248-49. The other two grants of power (to define and punish piracies and to define and punish felonies committed on the high seas) were not at issue. Id.

The Court of Appeals for the Eleventh Circuit rejected the prosecution's argument. It explained that the power of Congress to define and punish conduct under the Offences Clause is limited by customary international law, and that drug trafficking is not a violation of customary international law. Id. at 1249-58. Therefore, the Court of Appeals for the Eleventh Circuit concluded,

> we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama. And the United States has not offered us any alternative ground upon which the Act could be sustained as constitutional. As applied to these defendants, the [MDLEA] is unconstitutional and we must vacate their convictions.

Id. at 1258.

Memorandum, ECF No. 7]. He alleges that he is entitled to habeas relief based on the Court of Appeals for the Eleventh Circuit's decision in Bellaizac-Hurtado.

Respondent has filed his Answer [ECF No. 11] in which he contends that this Court does not have jurisdiction to consider this § 2241 petition. Petitioner has filed a Reply [ECF No. 12], and the case is now ready for the Court's review.

**B.     Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[3] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be

---

[3]     A motion under section 2255 is not technically a petition for a writ of habeas corpus. However, because it affords the same relief it is habeas corpus' practical substitute for federal prisoners. Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 prohibits district courts from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause."

Petitioner contends that the judgment imposed upon him by District Court for the Middle District Court of Florida is unconstitutional in light of the Court of Appeals for the Eleventh Circuit's decision in Bellaizac-Hurtado. His claim is precisely the type that must be brought in a § 2255 motion before the district court that tried and sentenced him (the District Court for the Middle District Court of Florida). Of course, this Court is aware that since Petitioner already has filed at least one § 2255 motion with the District Court for the Middle District of Florida, he cannot at the present time file another one. That is because the 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals certifies the application for relief is based upon: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. After Bellaizac-Hurtado was decided, Petitioner filed an application for leave to file a successive § 2255 motion with the Court of Appeals for the Eleventh Circuit. The court denied the application because Petitioner could not satisfy AEDPA's requirements. [ECF No. 11-10 at 3, Resp's Ex. H-2, Opinion, In re: Aurelio Quinones-Portocarrero, No.

13-12147-E (11th Cir. May 31, 2013) (quoting 28 U.S.C. § 2255(h)(2) and denying Petitioner's application because it was not based on "newly discovered evidence," and its decision in Bellaizac-Hurtado is not "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").]

Thus, the question before this Court is whether the fact that Petitioner cannot raise his claim that his judgment should be vacated pursuant to Bellaizac-Hurtado in another § 2255 motion with the District Court for the Middle District of Florida makes the § 2255 remedy "inadequate or ineffective to test the legality of his detention[,]" 28 U.S.C. § 2255(e), thereby allowing him to utilize § 2241? It is Petitioner's burden to establish that the remedy under § 2255 is inadequate or ineffective. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam).

In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit recognized the one type of circumstance under which it has found § 2255's remedy to be inadequate of ineffective since Congress enacted AEDPA. Importantly, in that case the Court of Appeals for the Third Circuit stressed that § 2255's remedy *is not* "inadequate or ineffective" solely because the petitioner cannot meet the stringent gatekeeping requirements of AEDPA and file a second or successive § 2255 motion with the district court that convicted and sentenced him. Although, the court in Dorsainvil concluded that the circumstance presented in that case was the rare one in which a federal prisoner could challenge the validity of his conviction under § 2241, it expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.

Dorsainvil, 119 F.3d at 251. See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court

does not grant relief, the one-year statute of limitations has expired, *or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255*."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the §2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Court of Appeals for the Third Circuit for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion. Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional*

7

*law . . . that was previously unavailable[.]"* Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

The Court of Appeals for the Third Circuit concluded that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255*." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
>
> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."
>
> There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

8

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

Petitioner contends that this case falls within § 2255's "savings clause" because, similar to the way in which Bailey rendered Dorsainvil potentially actually innocent of violating § 924(c)(1), the decision in Bellaizac-Hurtado renders him actually innocent of crimes under the MDLEA because Congress lacked jurisdiction to punish his conduct.

Petitioner's argument is without merit. He has failed to alleged facts from which it could be concluded that the circumstances of his case are similar in relevant part to the defendants in Bellaizac-Hurtado, whose conduct occurred in the *territorial waters* of another country. According to the recitation of the facts that Petitioner provides in his Memorandum of Law, when he was apprehended the vessel that he was in was "about 400 miles northwest of Colombia."[4] [ECF No. 7 at 5]. The United States District Court for the District of New Jersey, which has considered numerous § 2241 petitions filed by federal prisoners who have argued that the holding in Bellaizac-Hurtado renders them actually innocent, has explained on many occasions that:

> The United States only recognizes a territorial sea of twelve (12) nautical miles. See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n. 8, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles."); see also United States v. McPhee, 336 F.3d 1269, 1273 (11th Cir. 2003) ("The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts.") (citations omitted).

Cordova v. Hollingsworth, No. 13-cv-0165, 2014 WL 1225472, *2 n.3 (D.N.J. Mar. 24, 2014). Since there is no basis for this Court to conclude that Petitioner could establish that his conducted was limited to within 12 nautical miles of another country, the holding in Bellaizac-Hurtado does not apply to his circumstance. See, e.g., id. (dismissing § 2241 petition for lack of jurisdiction; holding Bellaizac-Hurtado does not apply when the petitioner was seized 75 miles from the Panamanian coast); Bonilla-

---

[4] In the English measurement system, one nautical mile equals approximately 1.15 miles.

9

Torres v. Hollingsworth, No. 12-cv-7743, 2014 WL 1217947 (D.N.J. Mar. 24, 2014) (same; petitioner was convicted for conduct occurring 170 miles from the coast of Guatemala); Rosales v. Hollingsworth, No. 12-cv-7672, 2014 WL 1272112 (D.N.J. Mar. 27, 2014) (court lacked jurisdiction under § 2241; petitioner arrested 46 miles from the coast of Nicaragua); Davis v. Hollingsworth, No. 12-cv-7830, 2014 WL 884656 (D.N.J. Mar. 6, 2014) (same; petitioner arrested approximately 180 nautical miles northwest of Colombia); Arroyo v. Hollingsworth, No. 12-cv-7889, 2013 WL 5816917 (D.N.J. Oct. 29, 2013) (same; petitioner seized 27 miles from the Colombian coast); Caceres v. Hollingsworth, No. 12-cv-7677, 2014 WL 413531 (D.N.J. Feb. 4, 2014) (denying petitioner's motion for reconsideration of judgment dismissing § 2241 petition for lack of jurisdiction; petitioner arrested 20 miles of the coast of Panama).

In conclusion, Petitioner has not established that this case presents the rare situation rendering § 2255 inadequate or ineffective. Accordingly, this case does not fall within § 2255's savings clause and, therefore, this Court does not have jurisdiction to consider the petition under § 2241.

### C. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, the Court should make no certificate of appealability determination in this matter.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction. Pursuant to the Magistrate Judges Act,

28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 28, 2014

cc: The Honorable Joy Flowers Conti
      Chief United States District Judge